Derrick Bradley #93214
Name and Inmate Booking Number

Northern Nevada Correctional Center (N.N.C.C.)
Place of Confinement

P.O. Box #7000
Mailing Address

Indian Springs, NV 89070
City, State, Zip Code

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Derrick Bradley, Plaintiff

vs.

(1) American Wagering inc. d/b/a William Hill and Ceasers Sports book,
2) State of Nevada ex rel. New Gaming Control Board.,
3) Doe Holding Company #1, Defendant(s).

Case No. 2:26-cv-00447-APG-DJA
(To be supplied by Clerk of Court)

**CIVIL RIGHTS COMPLAINT BY AN INMATE**

☐ Original Complaint
☑ First Amended Complaint
☐ Second Amended Complaint

☑ Jury Trial Demanded

## A. JURISDICTION

1) This Court has jurisdiction over this action pursuant to:
☑ 28 U.S.C. § 1343(a)(3); 28 U.S.C. § 1332
☑ 28 U.S.C. § 1331; *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)
☑ Other: p.s. following pages for: Jurisdiction.

2) Institution/city where Plaintiff currently resides: N.N.C.C. Carson City, NV

3) Institution/city where violation(s) occurred: Las Vegas, NV

# Jurisdiction

1) This U.S. Dist. Court of Nev. has Jurisdiction to hear the merits of this Complaint against named defendant(s) herein under the following United States Constitutional Statues and Const. Fed Rules (CFR's)

28 C.F.R 36.105; 28 U.S.C § 1367(a); § 1332

: Zoggolis v. Wynn Las Vegas, LLC, 768 F. 3d 919, 2014 U.S. app. Lexis 18302 (9th Cir nov 2014) NRS 463.362; NRS 463.361, et seq; in which "28 U.S.C 1332": Diversity Citenship; exceeds 75,000 Amount.

2) Rico: unlawful debt claim 18 U.S.C. § 162

18 U.S.C.S § 1962 Prohibited activities "pattern" of Racketeering Activity, under 18 U.S.C. § 161(5) because there was atleast 2 or more seperate acts of racketeering activity meant to deprive plaintiff (Bradley) of constitutional rights or priveleges By said defendant(s) in defrauding plaintiff and taking advantage of his mental and physically disability, under the American Disability Act (ADA) 42 U.S.C.S. 12101(1); 42 U.S.C.S. 12132, and § 12131. as Defendants took advantage of plaintiffs disability for unjust enrichment purposes, and discriminated against plaintiff (Bradley) under the ADA. violating 15 U.S.C.S § 77k, and § 78a, 78(c), 78(j), 78(t) 77(v)(a) [etc], under the "Securities Exchange Act" of 1934 and "Securities Act of 1933".

(Cont.) Jurisdiction (BANKING) "Diversity Jurisdiction" under "28 U.S.C.S. 1332" william Hill Banking/Holding Company is in Delaware.

3) That Defendant(s) herein has a holding control subsidiary \ banking Holding company; which manages and handles defendants banking services for defendant(s) (Jhon Doe #1) customers, and that this Holding Company, which is unknown, is also liable under the following Fed Jurisdictional statues and Rules that was in violation of plaintiff (Bradley's) const. rights and priveleges under Federal and State laws... And that Defendant(s) (1)(2) and (3) are individually and/or officially liable . either aggregately under

12 U.S.C.S § 1831 o(E)(1)

12 U.S.C.S. § 1818 ;[1831 aa]

12 U.S.C.S § 1841 Banking Holding Company Act 1956

12 U.S.C.S § 3716 Banking "affiliate"

; and 12 U.S.C.S § 1813 (NOTE: Such holding Company, Doe (3) Holding Company of Defendant (1) is in Delaware, CT. PS (CG Tech. Dev. LLC v. William Hill Hold Co) (404 F. Supp 3d 842 (2019).

Defendants herein violated 12 U.S.C. 4001, 15 U.S.C.S § 78 u-4 (private securities (a) private CLASS actions; 15 U.S.C.S. 78 t and 78 J (manipulative and deceptive devices) (also 240.10b(5) Employment of manipulative and deceptive devices); Anti Trust Act 15 USCS § 1;

4) 15 U.S.C. § 1693(a)(7) of (EFTA); 1693(h) liability of financial Institution(s); violations of CFR 1005:18, which are requirements for financial Inst. offering prepaid accounts; See also Nevada Admin Regulations (NAC) 662.003 "Depository institution affiliate" defined (NRS 658.105)

# Jurisdiction

5)

Federal Rules of Civil Procedure 18 and 20 govern JOINDER OF CLAIMS and permissive joinder of parties. Under Rule 20, defendant(s) herein may be joined in one action if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurence, or series of transactions or occurences

(B) any question of law or fact common to all defendants will arise in the action. See Fed. R. Civ. P. 20(a)(2)

"A party asserting a claim ... may join ... as many claims as it has against an opposing party." Fed. R. Civ. 18(a).

6)

Plaintiff also raises conversion against defendant(s) here in, under Federal (and State) Law.

and conspiracy to commit Conversion 42 U.S.C. 1985 (2)(3), "Civil conspiracy", doing so Arbitrarily and maliciously causing plaintiff severe Financial loss(es) and intentional infliction emotional distress (iied).

Plaintiff (Bradley) is currently incarcerated and housed at: N.N.C.C. P.O. Box 7000 Carson City, NV 89702 and is unable to pay filing fee.

pg (4)(a)

# Jurisdiction

7) THAT plaintiff, Bradley, has recieved additional information in which he was able to establish to this Honorable U.S. District Court of Nevada, in further detail regarding proper jurisdiction for Court to hear said complaint (i.e. FAC, First Amended Complaint) in the underlying case/action.

8) THAT Defendant (1) American Wagering inc., d/b/a William Hill and Ceasers Sportsbook has operated, performed, worked, done business, dual or multiple citenzenship, thus performing its functionary duties operations fullfillments, services, etc. (and or whatever this court finds or deems authenticated or necessary to further establish Jurisdiction under 28 U.S.C. § 1332, and the current listed/cited Fed Statues, laws, and const. throughout this complaint etc.)

9) to or through the following States:

A) **Delaware**, in which William Hill U.S Holding Company inc is (or was) established and continues to operate and do business with Defendants(s) in this complaint. (P.S. CG Tech. Dev., LLC v. William Hill U.S. Holdco, inc., 404 F. Supp. 3d 842; 2019 U.S. Dist. Lexis 146888

B) **Illinois**, which establishes identities connections, and the d/b/a for the Defendents 1-3 in this complaint for Jurisdictional purposes § 1332. (P.S. Geske v. Am. Wagering, inc., 2025 U.S. Dist. Lexis 171361)

10) Furthermore, that the amount in question and the total loss compensation by way of damages, in which plaintiff seeks is $75,000 and/or more. P.S. relief sought on page 4(b)

## B. DEFENDANTS

1. Name of first Defendant: American Wagering inc. d/b/a The first Defendant is employed as: William Hill and Ceasers Sportsbook at 67 Grier drive, Las Vegas NV 89119
(Position of Title) (Institution)

2. Name of second Defendant: Nevada Gaming Control Board The second Defendant is employed as: State of Nevada ex rel at ______.
(Position of Title) (Institution)

3. Name of third Defendant: Doe Holding Company. The third Defendant is employed as: Holding Company for Defendant (1) at unknown.
(Position of Title) (Institution)

4. Name of fourth Defendant: ______. The fourth Defendant is employed as: ______ at ______.
(Position of Title) (Institution)

5. Name of fifth Defendant: ______. The fifth Defendant is employed as: ______ at ______.
(Position of Title) (Institution)

**If you name more than five Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. NATURE OF THE CASE

Briefly state the background of your case.

See next page 5(B)

6) Defendent N/A resides at ____________________,
(full name of first defendent) (address if first defendent)
and is employed as ____________________. This defendent is sued in his/her
(defenuent's position and title, if any)
___individual ___official capacity. (Check one or both). Explain how this defendent was acting

under color of law: N/A

7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343 (a)(3) and §1332; 1331 42 U.S.C.§ 1983. If you wish to assert jurisdiction under different or additional statutes, list them below. NRS 465.0704, NRS 671.245
15 U.S.C § 57(a) unfair or deceptive acts.* 12 U.S.C.S. § 548)
28 U.S.C. § 242, NRS 41.0322. American Disability Act (ADA)
42 U.S.C.S 12101(a); 1232; 12131; 12 U.S.C.S. § 5481; 28 USC 1367
Supplemental Jurisdiction ...etc (p.s. page

B. NATURE OF THE CASE

1) Briefly state the background of your case.

Briefing:
This is a civil action against defendant(s) herein (1) American Wagering inc d/b/a William Hill and Ceaser sports book, and (3) Jhon Doe #1 aka Holding Company/bank who manages Electronic Funds, transfers, deposits and withdrawals, and that defendants herein commited the following acts against plaintiff (Bradley) in violation of his 5th, and 14th Amendment rights of the U.S. const. of the Electronic Fund Transfer Act [EFTA], under 15 U.S.C.S § 1693 etc. by: breach of contract, inducement, enticement, fraud, R.I.C.O. act, Conspiracy of fraud, deceptive and cont "pattern" of unfair practices; and unjust enrichment (p.s. Claim 1)

C. CAUSE OF ACTION

## COUNT I

The following civil rights has been violated: misrepresentation, fraudulent inducement, intentional misrepresentation, unjust enrichment, negligence etc, conversion conspiracy of fraud, breach of contract, unfair deceptive practices, 5th, 14th amend violations of U.S. Const.

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

1) THAT Defendant(s) (1) American Wagering d/b/a William Hill and Ceasers Sports book and (3) Jhon Doe #1 unknown, (a Holding or its banking Company); has a policy, custom agreement even a telephone number for its consumer/customers to wit:- GAMBLE RESPONSIBLY and -THAT if such gambling does become a problem to contact William Hill for problem Gambling to seek help and they'll assist it's consumer with getting gambling problem under control.

(2) THAT Defendants) herein provide a service on a mobile app called 'William Hill sportsbook', which allows it's consumers to add money to the gaming app and place wagers on sports.

3) THAT inorder for it's consumers to place a sports wager/bet to william Hill's app, consumers (i.e. plaintiff Bradley and others) have to link thier private bank account(s) to William Hill's Holding Company accounts to furnish funds so they will be made available for 'betting wagers on sports and that 'NO WAGER'

may be placed without funds being added first (i.e. added prepaid debited, etc.)

4) THAT Ceaser Sportsbook owns William Hill app or is a stakeholder and that the two are partner\ have a partnership, in which an agreement arranged policy, custom, contract exist between one another (NOTE: more details will be provided

5) THAT though William Hill's app is a gaming mobile device that's meant to promote healthy safe and responsible gambling practices towards it's consumers; On or about August-Sept 2024 @ 6:00am, Defendant (1) and (3) would unlawfully discriminate against plaintiff (Bradley) and engage in 'deceptive and unfair practices' to 'entice' and commit 'negligence' and 'fraud' against plaintiff for 'unjust enrichment gain'

6) Thus deliberately, maliciously, and negligently REFUSING to release\transfer his funds upon plaintiff's request (Bradley) depositing funds in the amount of roughly 4,500 $ (forty-five hundred dollars) and after wagering a few bets and winning, opted\moved to have those funds withdrawn and transferred to his linked accont (i.e. Wells Fargo accont)

7) THAT plaintiff began contacting defendants (1) and (3) at William Hill's app, via telephone @ 855-754-1200, to inquire as to

Why the funds had yet to be transferred (i.e. automatically deposited or direct deposited) to his linked wells fargo account, per it's policy, terms and agreement in accordance with the contract signed by plaintiff (Bradley) ~~upon~~ when creating account and that withdrawals and deposits were frequently ~~added~~ made without problems occuring before.

8) THAT Defendants' (1) American Wagering inc d/b/a William Hill and (3) Jhon Doe # 1 (unknown) would state plantiff's withdrawal was "Pending Review."

9) THAT plaintiff replied "Pending and Review is the same thing (i.e. equivalent in terms) and that a more viable explanation was warrented." [Note: William Hills terms and policies as to deposits, withdraws etc is as follows; (A) thirty (30) minutes if using existing debit account thats linked to account (B) instant-aneously / automatic if using William Hills priority express card withdrawal (C) up to twenty-four (24) hours for added new linked debit account,... in which plaintiff (Bradley) withdrawal/deposit terms consisted of A and B of this paragraph that he opted for on a day between Aug - Sept 2024 at around 6:00am - (actual Date unknown).]

10) THAT though plaintiff (Bradley) waited pastently over an hour and 1/2 (30 minutes) for transfer/withdrawal which was supposed to be (A) immediate or (B) within thirty (30) minutes to existing bank account on file (i.e Wells fargo); Defendants (1) and (3) it's holder (i.e. subsidary

company, holding bank who's identity is unknown) who would continously REFUSE in a callous and grossly negligently manner to transfer plaintiff's funds, in accordance with it's written contract/policy and would thereby withhold plaintiffs funds indefinitly and without any plausible explanation.

(11) THAT Defendant(s) herein would BREACH CONTRACT by withholding plaintiff's funds and violate the Electronic Funds Transfer Act (EFTA) by refusing to transfer/withdraw his funds to his existing linked wells fargo account. 15 U.S.C.S. § 1693(e); see N.R.S. 360.564 NRS 360.092.

(12) THAT the negligence and unlawful inducement \enticement would occur where Defendant(s) (1) and (3) would repeatively relay to plaintiff (i.e. through it's employees, staff, subordinates) that his transfer\withdrawal request was 'PENDING REVIEW'; But it's app would provide a hyperlink\click button (in Big bold Red lettering) that read and allowed for plaintiff (Bradley) to "CANCEL WITHDRAWAL" to wit - the funds would IMMEDIATLEY be credited back to the William Hill/Ceasers sports book app where plaintiff could resume/continue placing sports bets wagering. Funds being readily available to place bets within seconds.

(13) THAT Defendant(s) (1) and (3) Knew and were previously made aware of that plaintiff (Bradley) suffered from 'problem Gambling' in accordance with NRS

NRS 641C.110, and had a history of terminating (i.e. closing) his William Hill account, which was documented by William Hill/Ceaser Sportbook so he could nolonger gamble, place sports wagers, due to the significant amount of losses and the impactful toll it had taken on his life.

(14) THAT plaintiff (Bradley) would re-iterate to Defendant(s)(1) and (3) that he had 'problem gambling' behavioral issue. (see NRS 641C.110 "Problem Gambling defined")

(15) THAT 'problem gambling' defined " means persistent and recurrent maladaptive behavior relating to 'Gambling' that causes disruption in any major area of life including, without limitation, the psychological, social, or vocational areas of life." NRS 641C.110.

(15) THAT plaintiff (Bradley) would also inform Defendant(s) herein that he suffered from P.T.S.D (Post-traumatic stress disorder), A.D.H.D. (Attention Deficit Hyperactivity Disorder) O.C.D. (obsessive Compulsive Disorder), O.G.D (obsessive gambling disorder) along with depression anxiety and Bipolar, and that plaintiff takes treatment - prozenic and Zoloft - to help treat his diagnosis; and he was under the American Disability Act (ADA).

(16) THAT plaintiff informed Defendants (1) and (3) that he was owed a duty of care as a consumer and that it wasn't fair that while his withdrawal says 'pending

review', the app provided him an option to 'CANCEL' the withdrawal, yet hastily giving him the option --- to Bet (i.e place sport wagers). So, in essence, the only options available to plaintiff (Bradley) were to either (A) cancel his withdrawal and continue to gamble (i.e. place more sports wagers) or option (B) continue to allow defendants to arbitrarily withhold his funds (i.e. withdrawal) without being afforded any viable explanation or any further information but that plaintiffs withdrawal was pending review; option (A) seemingly more 'Enticing' than option (B) as more hours (4 ½ hours) lapsing.

(17) THAT Defendant(s) (1) and (3) would breach a fiduciary duty owed to plaintiff also breaching the terms and agreement in the contract by denying plaintiff to receive funds owed to him, per agreement/terms/contract.

(18) THAT plaintiff would ultimatley succumb to William Hill's deceptive and unfair practice, after its supervisor refused to release his funds (6) hours later; defendant discriminating and taking advantage of his many disability's during the many conversations, via telephone and email, violating the A.D.A act under the U.S. const. 5th and 14th amendment

(19) THAT feeling emotionally distraught and without any further options left to access his funds (i.e money) plaintiff would click the RED 'Cancel' withdrawal button

For one of the 2,500 $ amount withdrawals and make a large chinese wager of the 2,500 $ on a bet for a single basketball game losing within (5) five minutes.

20) THAT this unfair practice was nonetheless deceptive amounting to COERCION and conspiracy 42 U.S.C. 1985 to Commit Coercion and fraud.

21) THAT plaintiff (Bradley) would quickly lose the remaining of his other withdrawal balance in the amount of 800$ and 1400$ after being denied to withdrawal of his funds.

22) THAT plaintiff would suffer injury in the form of financial loss, humiliation, and much needed necessities (i.e. nolonger able to purchase vehicle for transportation and rent); as he would be forced to check out of his room at the Sunset Station at about 11:00 am that morning Ultimatley becoming homeless in the process and having to ride the cat bus for transportation to get around since he was now without any funds (i.e money) to purchase vehicle.

23) THAT plaintiff had to undergoe mental health treatment checking himself into a rehab facility called Desert hope [inpatient] and Resolutions [Desert Hopes outpatient program] located at: 1000 N. Main St # 132, Las Vegas, NV 89101 telephone # 702-789-6201 where plaintiff was provided housing

~~[illegible]~~ 20)
THAT plaintiff has sufficient evidence to support his complaint against Defendants (1) and (3) in the form of: Emails, screenshots [from his mobile device], the william hill app itself at William Hill Sportsbook account and access to that account. In support there of, to wit: allegations throughout this complaint; custodial records of the recorded conversations on the day of the incident in question on or about (date unknown) August - Sept 2024, 6:am - 2:00 pm. etc.

21)
THAT plaintiff's complaint alleges William Hill and "affiliates" Ceasers sports book A.K.A.[(1)] "American Wagering inc. d/b/a, here of, in accordance with liability. Ceasers being ownership in relation to corporate control and also liable responsible for "affiliates" misconduct, having being notified as well. 15 U.S.C.S. §§ 1681.

22)
THAT by defendants (1) and (3) action's which caused plaintiff (Bradley) to suffer mentally, emotionally and physically; plaintiff seeks compensatory, punitive, declatory and nominal damages in excess of five million (5 million dollars), this also being a class-action suit. CLASS ACTION FAIRNESS ACT (CAFA) 28 U.S.C § 1332(d)(2). (*p.s.

PG(13) pg ___ for requested relief)

23)
THAT plaintiff (Bradley) is currently incarcerated at: ~~Northern Nevada~~ Correctional Center ~~P.O. Box~~ and need assistance from the

Pg(13) Honorable Court to help identify/serve properly defendants, herein. [pg(13)]

## COUNT II

The following civil rights has been violated: misrepensentation, breach of contract, false advertising; "pattern" of continued fraudulent unfair and deceptive acts. R.I.C.O 18 U.S.C § 1962; Cumulative error; violation of securities exchange Act etc.

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

1) THAT Defendant (1) American Wagering inc, d/b/a William Hill and Ceasers Sportsbook for the month of August 2024 had a PROMOTION on it's disclaimer called 'Spring Rewards' Active from Aug (2024) through Jan (2025); which states that for every hundred dollars (100$) its consumer bet (i.e. place sports wager(s)), the consumer would be credit a U.S. dollar (1$) on the first day of January, 2025.

2) THAT plaintiff (Bradley) wagered roughly over forty-thousand U.S. dollars (40,000$) from Aug (2024) — Nov (2024), and that plaintiff only recieved a credited amount of 69$ (sixty-nine dollars) January 1st, 2025, instead of the 400$+ dollars he was owed, in accordance with Defendants (1) promotion.

3) THAT upon contacting Defendants (1) and informing them of the problem and by there own admission and acknowledgement that there was an error to plaintiff account; Defendant(s) (1) would still refuse to correct the error and credit plaintiff the amount owed.

4) plaintiff seeks relief on page 16 Plaintiff request jury trial.

## COUNT III

The following civil rights has been violated: failure to act, conspiracy, failure to train or enforce policys, mere negligence(ordinary) in violation of American Disability Act(ADA), in violation of 5th and 14th Amendments of U.S. Constitution. §1981, §1985(2)(3); §1986

Supporting Facts: [Include all fact you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights].

1) THAT Defendant (2) State of Nevada, ex rel Nevada Gaming Control Board was informed by plaintiff regarding the actions of defendants (1) and (3), as alleged in Claim I of this complaint (p.s. Claim one); by way of filing complaint, email and via telephone of acts by Defendants (1) and (3);

2) THAT Defendant (2) Gaming Control Board after being properly and thoroughly informed, Refused and/or neglected to act on plaintiffs behalf or investigate into his claims, in accordance with NRS 463.310, or into (1) American Wagering inc acts or it's employees Nev Gaming Commission § 22.037, who employees discriminated against plaintiff (Bradley) as a operator § 22.037, when plaintiff informed Defendants (1) and (3) of his Disabilities under the ADA act and

3) his 'problem gambling' under NRS 641C.110 @ its establishment as a 'patron.' Plaintiff seeks relief and jury trial

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you filed other actions in state or federal courts involving the **same or similar facts** as involved in this action? ____ Yes ✓ No. If your answer is "Yes", describe each lawsuit. (If more than one, describe the others on an additional page following the below

pg (15)(a)

4) THAT Defendant(s) (1), (2), and (3) engaged or engages in a CONSPIRACY against plaintiff, Bradley, and/or failed to interfere or intervene when a CONSPIRACY is being commited against plaintiff and those similarly situated in which plaintiff rights under 42 U.S.C.S §1985 and §1986 is being violated due to his race, creed, religion, class (him being lower class and black impoverished) and/or one class status §1985(2)(3) §1981 and discriminated against by these defendants in the following manner:

5) THAT Defendants (1) American Wagering inc d/b/a William Hill and Ceasers Sports book and (3) John Doe Holding electronically tracks its consumers, customers, or patrons deposits, withdrawal's amounts wagered, and amounts paid on wagers (i.e activity of patron) for conspiratal purposes to monitor plaintiffs, Bradley, pattern behaviors, which [were] is ultimatley used inhibit and encite, entice, plaintiff and others alike to continue to Gamble, whether it be irresponsibly or not, for unjust enrichment gain i.e. unfair and deceptive practices, also claim 1).

6) THAT Defendant's (2) State of Nevada ex rel Nevada Gaming Control Board (or Commission) is in conspiracy § 1985(2)(3) or liable for failure to intervene §1986 when it knows, or reasonably should know that a conspiracy is being commited by Defendants such as Defendants (1) and (3) based off the following:

7) (Defining a sports book wagering account (such as (1) in this complaint) as an electronic ledger tracking patrons deposits, withdrawals, amounts wagered, and amounts paid on wagers) See Nev. Gaming Regs §§ 22.010(21).

8) That Nev. Gaming Regs §§ 22.010(21) is a violation of 42 U.S.C.S. 1986; 1985(2)(3) because it supports and fails to intervene or interfere with the alleged CONSPIRACY engaged by Defendant's (1)-(3), who misuses Nev. Reg 22.010(21) for unjust enrichment gain, deceptive and manipulative practices etc in violation of Federal const Law and Statues etc.

9) THAT, thus, Defendants (2) is liable because of the knowledge it has against Defendants (1) and (3) in which such information defined in Nev. Gaming Regs §§ 22.010(21) being misused by (1) and (3) for unlawful unjust purposes; where info was originally designed for other purposes not meant to be used against plaintiff, Bradley, or other's similarly situated, and thus liable under § 1986 § 1985(2)(3).

10) THAT RELIEF is sought on page 16 of this complaint, NRS 41.031 and 42 U.S.C. § 1997e(e); and any other relief this Honorable Court and Jury deems necessary.

additional relief: A change in Gaming and policies for "patrons" with problem Gambling under NRS 641C.110, who are seeking help etc.

- - - - - - - - - - - - - - - - - - - -

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following relief:

Declatory Judgement; Jury Trial, and awarded Judgement in the total amount of 2,500,000$ (~~two~~ two million five Hundred Thousand dollars) in Compensatory Damages; 2,500,000$ (two million five hundred thousand dollars) in punitive damages. as plaintiff suffered mental, physical, and emotional injuries by the Defendant(s) herein.

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

Derrick Bradley, pro se, on behalf of others. Similarly situated.
(Name of Person who prepared or helped prepare this complaint if not Plaintiff)

x Derrick Bradley
(Signature of Plaintiff)

6/28/26
(Date)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

(Additional space if needed; identify what is being continued)

And whatever the Honorable Court deems necessary.

AFFIDAVIT OF "attached" Civil Complaint 42 U.S.C. 1983 (FAC) ; and for Class Action Certification (Rules of Civ. Pro Rule 23)

STATE OF NEVADA )
) ss:
COUNTY OF CLARK )

TO WHOM IT MAY CONCERN:

I, Derrick Bradley, the undersigned, do hereby swear that all the following statements and descrition of events, are true and correct, of my own knowledge, information, and belief, and to those I believe to be true and correct. Signed under penalty of perjury pursuant to NRS 208.165.

(1) THAT I, Derrick Bradley, do hereby swear that all of the allegations in the Complaint against William Hill and Ceaser Sportsbook in which are acting under American Wagering inc, who address and email are: American Wagering inc
67 Grier drive
Las Vegas, NV 89119

email: info@americanwagering.com

telephone: 855-754-1200 (William Hill phone #)

(2) and that the allegations in the complaint that are "attached" to this sworn affidavit are true and correct; and are outlined and told to the best of my ability.

(3) That upon further discovery, I will show through evidence that said allegations, in "attached" Complaint are true also. I, plaintiff, Bradley seek Jury trial.

(4) That the following information in "attached" complaint and affidavit is the only information I was able to get ahold of at the moment, due to my place of residence/confinement In which I am currently incarcerated in a Nevada prison @ N.N.C.C. P.O. Box 7000 ~~[illegible]~~ Carson City, NV 89702

(5) THAT there are others, who are consumers on the 'William Hill Sports App' who experience the same similarly situated circumstances by Defendants in the complaint, in which said defendants (1) and (3) take, and continue to take advantage of; with ~~the~~ us who have disabilitys (under the ADA act) and who suffers with problem Gambling under NRS 641C.110

(6) in which the Defendants herein benefit by using deceptive manipulative and unfair practices for unjust enrichment purposes. That those similarly situated will come forwarded and that complaint "attached" will cause legitimate questions of trier of fact for Jury.

FURTHER, AFFIANT SAYETH NAUGHT.

EXECUTED AT N.N.C.C. this 28th day of ~~[illegible]~~ June 2026

IN FRONT OF: P.O. Box 7000 Carson City, NV 89702

BY x Daniel Bradley

NDOC # 93214

# AFFIDAVIT

State of Nevada)
: Ss.
Carson City )

I, Derrick Bradley, the undersigned, do hereby swear under penalty of Perjury that the following assertions are true and correct to the best of my knowledge:

1. Derrick Bradley, swear that all of the events outlined in this complaint are true and correct to the best of my ability.

2) That Defendant 1-3 of this complaint did commit the acts against this plaintiff me, Derrick Bradley, outlined in this complaint.

Executed on this 28 day of June, 2026, at Northern Nevada Correctional Center, Carson City, Nevada, under penalty of perjury, in accordance with Nevada Rules of Civil Procedure Rule 5(b) and Federal Rules of Civil Procedure Rule 5(b).

x Derrick Bradley
(SIGNATURE)

Derrick Bradley
(PRINT NAME)

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, understand that a false statement or answer to any question in this declaration will subject me to penalties of perjury.

I declare, under the penalty of perjury under the laws of the United States of America, that the above and/or foregoing information is accurate, correct and true to the best of my knowledge, executed within the terms of [1]NRS 171.102 and [2]NRS 208.165. See [3]28 U.S.C. 1746 and 18 U.S.C. 1621.

Dated this 28 day of June, 2026

#93214

Signature

Derrick Bradley

Print Name

Nevada Department of Corrections ID Number

[1] *NRS 171.102 Complaint defined; oath or declaration required. The complaint is a written statement of the essential facts constituting the public offense charged. It must be made upon:*

1. *Oath before a magistrate or a notary public; or*
2. *Declaration which is made subject to the penalty for perjury.*

*(Added to NRS by 1967, 1400; A 1969, 387; 1983, 446)*

[2] *NRS 208.165 Execution of instrument by prisoner. A prisoner may execute any instrument by signing his or her name immediately following a declaration "under penalty of perjury" with the same legal effect as if he or she had acknowledged it or sworn to its truth before a person authorized to administer oaths. As used in this this section, "prisoner" means a person confined in any jail or prison, or any facility for the detention of juvenile offenders, in this state.*

*(Added to NRS by 1985, 1643)*

[3] *28 U.S.C.*

*§1746. Unsworn declarations under penalty of perjury*

*Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:*

*(1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date). (Signature)".*

*(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).(Signature)".*

*(Added Pub. L. 94–550, §1(a), Oct. 18, 1976, 90 Stat. 2534.)*

PRIOR PROVISIONS

*A prior section 1746 was renumbered section 1745 of this title.*

*§ 1621. Perjury generally*

*Whoever—*

*(1) having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or*

*(2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true; is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both. This section is applicable whether the statement or subscription is made within or without the United States.*

*(June 25, 1948, ch. 645, 62 Stat. 773; Pub. L. 88–619, § 1, Oct. 3, 1964, 78 Stat. 995; Pub. L. 94–550, § 2, Oct. 18, 1976, 90 Stat. 2534; Pub. L. 103–322, title XXXIII, § 330016(1)(I), Sept. 13, 1994, 108 Stat. 2147.)*